STANDARD MACH. CO. v. RAMBO & REGAR, Inc.

(Circuit Court of Appeals, Third Circuit.   June 27, 1911.)

No. 47 (1,427).

1. PATENTS (§ 328*)—INFRINGEMENT—CIRCULAR KNITTING MACHINE.
    The Houseman patent, No. 774,473, for a circular knitting machine, claim 22, conceding its validity because of the peculiar construction of the cam-roller, is limited to such construction.   As so limited, *held* not infringed.

2. PATENTS (§ 328*)—INFRINGEMENT—CIRCULAR KNITTING MACHINE.
    The Wilcomb patent, No. 645,676, for a circular knitting machine, claims 4 and 8, conceding their validity, are limited by the prior art to a construction in which the thread-engaging device is substantially of the form described.   As so limited, *held* not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by the Standard Machine Company against Rambo & Regar, Incorporated.   Decree (181 Fed. 157) for defendant, and complainant appeals.   Affirmed.

Frank S. Busser and George J. Harding, for appellant.
Wilmarth H. Thurston, for appellee.

Before GRAY and LANNING, Circuit Judges, and McPHERSON, District Judge.

LANNING, Circuit Judge.   This appeal brings before us the decree of the Circuit Court dismissing the bill of the Standard Machine Company, the complainant below and the appellant here.   The decree is silent as to the cause of the dismissal, but by the opinion on which it was entered (see [C. C.] 181 Fed. 158) we learn that the Circuit Court considered claims 4 and 8 of the Frank Wilcomb patent No. 645,676, of March 20, 1900, and claim 22 of the Harry A. Houseman patent, No. 774,473, of November 8, 1904, which are the only claims involved in this suit invalid.   Each of the patents is declared to be for improvements in circular knitting machines.

[1] The opinion of the Circuit Court was to the effect that the prior art disclosed especially by Coburn, No. 395,314, of January 31, 1889, Stewart, No. 529,508 of November 20, 1894, Hemphill, No. 629,-503, of July 25, 1899, and Jones, No. 284,860, dating back as far as 1883, limited the patentable invention of Houseman within narrower compass than that set forth in claim 22 of his patent.   Comparing claim 22 with the prior art and with claim 23 of the patent, the conclusion was reached that the latter claim, which is narrower than claim 22, affords complete protection for the only invention disclosed

by either of those claims. Accordingly, it was decided that claim 22 is invalid. The nature of the two claims and the difference between them is shown by the following quotation, where by omitting the portion within the brackets we have claim 22 and by including what is within the brackets we have claim 23:

"In a circular knitting machine, in combination, a needle-cylinder, supported so as to be vertically movable, a roller having a portion thereof cut away, a piece inserted therein eccentric with the remainder of the roller and adjustable thereon [in a line at right angles to a line from the juncture of the inserted piece and main portion of the roller at the periphery of the center], means to rotate said roller and connection between said roller and the needle-cylinder support."

We do not find it necessary to declare that claim 22 is invalid. It may be that it possesses substantial merits not found either in the prior art or in claim 23. Whatever may be the correct conclusion on that point, we are satisfied that, even if valid, the prior art does compel so narrow a construction of claim 22 that there is no infringement by the defendant. The prior art discloses combinations in which there are vertically movable needle-cylinders, rotary cam-rollers, and connections between the cam-rollers and the supports of the needle-cylinders. The prior patents above mentioned show such combinations. But the prior art does not show a cam-roller with a portion thereof cut away and a piece inserted therein eccentric with the remainder of the roller and adjustable thereon. The greater portion of the periphery of the cam-roller of claim 22 is concentric with its axis. It is the inserted piece that makes the remaining part of the periphery eccentric. The concentric portion of the periphery secures uniformity in the length of the stitches and in the diameter of a stocking leg. The eccentric portion secures a gradual lengthening of the stitches and a gradual increase in the diameter of a stocking leg from the ankle to the calf of the leg. For the purposes of this case, we may assume that claim 22 is valid because its combined concentric and eccentric features are secured by cutting away a portion of the face of the cam-roller and inserting in the recess thus created an adjustable piece having a surface eccentric to the circular periphery of the roller itself. If the claim is valid at all, it is so because of the peculiar construction above mentioned. When so limited, the defendant does not infringe, for the combination it uses does not contain a cam-roller "having a portion thereof cut away" and "a piece inserted therein eccentric with the remainder of the roller and adjustable thereon."

[2] Claims 4 and 8 of the Wilcomb patent are as follows:

"4. In combination with a circular knitting machine having multiple feed devices, a thread-engaging device inside the needle row to guide and hold the inactive floating threads extending from the fabric to the feed out of engagement with the needles and adapted to release the thread when it is introduced to the needles again, substantially as described."

"8. In a circular knitting machine, in combination, a plurality of thread-carriers, and means to move one or more of said thread-carriers in and out of operative position, and a device within the needle-cylinder adapted to catch and retain the thread to the carrier out of operative position."

The Circuit Court concluded that these claims, too, are anticipated in the prior art, and that, for that reason, they are invalid. Apple-

ton's patent, No. 425,362 of April 8, 1890, is mentioned in the opinion as an anticipatory patent. There are clear differences between the improvement described in Wilcomb's patent and that described in Appleton or in any of the other patents of the prior art to which our attention has been drawn. But the question is, Do the differences disclose such an advance in the art by Wilcomb that claims 4 and 8 should give to the complainant, the present owner of the patent, a property right in anything that the defendant is making or using? While the policy of our law is to encourage inventions, we should in this age of rapid and marvelous improvements in mechanical appliances, when dealing with patents, be careful to distinguish between those improvements which do and those which do not involve real inventive genius. The mechanical art should not be burdened with patents for those improvements which involve only the skill of the mechanic.

The opinion of the Circuit Court contains quotations from the specification of the Wilcomb patent showing its object, its construction, and its method of operation. We shall not repeat those quotations here. Taken with the claims, they make it clear that Wilcomb's conception is embodied in the thread-engaging device of claims 4 and 8. As to claim 8, we agree with the defendant's expert, Mr. Livermore, that it may be as well read upon the British patent of August 12, 1874, No. 2,774, granted to Thomas James Smith, as upon the construction shown and described in the Wilcomb patent.

The element of the combination of claim 4 described as "a thread-engaging device inside the needle row to guide and hold the inactive floating threads extending from the fabric to the feed out of engagement with the needles," and the element of the combination of claim 8 described as "a device within the needle-cylinder adapted to catch and retain the thread to the carrier out of operative position," are the same. Claim 4 mentions a function of this device not mentioned in claim 8, saying that, besides holding the inactive threads out of engagement with the needles, it is "adapted to release the thread when it is introduced to the needles again." We understand that none of the thread-engaging devices of the prior art possesses this latter functional capacity. But, whatever may be the value of the combinations described in these two claims, and assuming their validity, we think that here, too, the prior art has such a limiting effect that the defendant's device is not covered by them. The combination in a circular knitting machine of multiple feed devices, or a plurality of thread carriers, with a thread-engaging device inside the needle row or needle-cylinder, was not new with Wilcomb. To sustain his claims 4 and 8, it is necessary to limit them in construction to a combination in which the thread-engaging device is substantially of the form described in his patent. When so limited, the defendant does not infringe.

We do not deem it necessary to discuss in detail the patents of the prior art. They have been carefully considered, and we are satisfied that they compel such a restricted construction of each of the patents in suit that it is impossible to hold the defendant an infringer. We

therefore affirm the decree of the Circuit Court, not because the claims are invalid, for on that question we express no opinion, but because the defendant does not infringe.

The decree is affirmed, with costs.